# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| RONNIE TIMMONS, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:07-CV-1730-M |
| | ) | |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for writ of habeas corpus filed by a non-prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner presently resides in Dallas, Texas. He names as respondents the Texas Department of Corrections, the Dallas County District Attorney, and the Dallas County Sheriff, Department. The docket sheet only reflects as respondent the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID).[1]

The court did not issue process in this case, pending preliminary screening. On November 5, 2007, the magistrate judge issued a questionnaire to Petitioner, who filed his

---

[1] The court need not decide which respondent is proper in this case since Petitioner is no longer in custody for purposes of habeas relief as set out more fully below.

answers thereto on November 13, 2007.

Statement of the Case: Petitioner seeks to challenge a four year sentence for theft. (Orig. petition (pet.) at 2, and amend. pet. at 2). He does not remember the cause number, the court in which he was convicted, or any specifics about his prior conviction(s). (*Id.*). He alleges, however, that he "was sent to prison without going in front of a judge." (Amend. pet. at ¶20(A)). He further alleges that he "stayed in the county jail for 10 month[s] an[d] in prison four [sic] 3 month[s] and on parole four [sic] three years." (*Id.*).

In answer to the magistrate judge's questionnaire, Petitioner reiterates that "there was no docket number, the offense was theft, I was sentence [sic] 4 yrs," and "I was sent to prison without going to court." (Answer to Questions 1-2).

A search of this court's records reflect that in 1999, while he was confined at the Dallas County Jail, Petitioner filed a federal habeas petition challenging two counts of theft over $750. *See Timmons v. Johnson*, 3:99cv2032 (N.D. Tex., Dallas Div., filed Sep. 10, 1999). The court dismissed the case without prejudice for failure to exhaust state court remedies. *Id* (Nov. 10, 1999). Although Petitioner appealed, the appeal was dismissed for want of prosecution.

Findings and Conclusions: The petition in this case is subject to summary dismissal pursuant to Rule 4, of the Rules Governing Section 2254 Proceedings. That Rule provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* Rule 4.

A federal court may consider a writ of habeas corpus only "in behalf of a person in custody . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

2254(a).

A criminal background search on the Dallas County website reflects that Petitioner was convicted twice of theft, enhanced by prior conviction(s). (*See* Attachment I, for copy of judicial information). In No. F92-73906, Petitioner pled guilty before the court and was sentenced on January 29, 1993, to ten years imprisonment, probated for three years. (*Id.*). Following the revocation of his probation in the 1992 case, and his guilty plea in No. F93-62662, Petitioner was sentenced on July 23, 1993 to four years imprisonment in each case. (*Id.*) On August 24, 1998, Petitioner pled guilty to possession of a controlled substance and was sentenced to one-year imprisonment in a state jail. (*Id.*).

In light of the above, the court concludes that Petitioner is not presently incarcerated on the basis of his four-year sentence for theft. He fully served his four-year sentence long before filing the petition in this case, and he has provided nothing to prove the contrary. Therefore, Petitioner's claims with respect to his theft convictions in Cause Nos. F92-73906 and F93-62662 should be dismissed for want of jurisdiction because Petitioner cannot satisfy the "in custody" requirement. *See Maleng v. Cook,* 490 U.S. 488, 492 (1989).

In answer to the questionnaire, Petitioner requests monetary relief in connection with his four-year sentence. (Answer to Question 3). In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court stated:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

The *Heck* Court unequivocally held that unless an authorized tribunal or executive body has

3

overturned or otherwise invalidated the plaintiff's confinement, his claim "is not cognizable under [section] 1983." *Id.* at 487. The *Heck* "favorable termination" requirement applies even after an inmate is released from confinement, as in this case, and thus can no longer challenge his imprisonment by means of a federal habeas petition. *See Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir.2000) (holding that *Heck*'s "favorable termination" requirement applied equally to released persons as well as those who were incarcerated); *see also Queen v. Purser*, 109 Fed. Appx. 659, *660 (5th Cir. 2004) (same).[2]

Plaintiff seeks monetary relief for his four-year sentences for theft. His filing history, as summarized above, confirms that he has not satisfied the favorable termination requirement set out in *Heck* with respect to his theft convictions. Plaintiff is, therefore, precluded from maintaining a civil cause of action at the present time. *Heck*, 512 U.S. at 488-89; *accord Randell*, 227 F.3d at 301 ("Because [plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of *Heck*, he is barred from any recovery . . . .").

Accordingly, insofar as Plaintiff seeks to raise a civil rights claim, the District Court should dismiss such a claim with prejudice as frivolous to its being asserted again until the *Heck* conditions are met. *See Johnson v. McEleveen*, 101 F.3d 423, 424 (5th Cir. 1996) (noting preferred language); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (§ 1983 claim which

---

[2] In *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005), the Supreme Court reiterated its well-established requirement that prisoners must challenge their claims in habeas if "they seek to invalidate the duration of their confinement--either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." In doing so it reaffirmed the *Heck* favorable termination requirement. *Id.* at 82.

falls under the rule in *Heck* is legally frivolous); *see also Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (holding that dismissals as frivolous or malicious under 28 U.S.C. § 1915(e)(2) should be deemed to be dismissals with prejudice unless the district court specifically dismisses without prejudice).

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be DISMISSED for want of jurisdiction because Petitioner cannot satisfy the in custody requirement with respect to his theft convictions.

To the extent Petitioner seeks monetary relief for his theft convictions, his claim, construed as a civil rights action, should be DISMISSED with prejudice as frivolous to its being asserted again until the *Heck* conditions are met.

Signed this 13th day of February, 2008.

*Wm. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.